IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DALE REED                                                                                           PLAINTIFF

v.                                    CIVIL NO. 00-6230

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                                    DEFENDANT

### ORDER

Before the court is counsel's request for approval of attorney's fees in the amount of $2467.50 pursuant to 42 U.S.C. § 406(b). (Doc. # 14). Plaintiff's counsel requests 25% of her past-due benefits based upon a contingency-fee agreement. The defendant has filed a response objecting to counsel's request for compensation for hours of attorney work performed at the administrative level. (Doc. 16). She contends that counsel should only be compensated for the 5.20 hours of work he performed at the district court level.

**Procedural Background:**

On July 27, 1999, plaintiff, Dale Reed, filed applications for Disability Insurance Benefits and Supplemental Security Income payments. (Doc. # 15). On August 11, 2000, Administrative Law Judge ("ALJ") Jerry Thomasson issued a decision granting plaintiff benefits as of his alleged onset date of July 27, 1999. However, on its own motion, the Appeals Council vacated that decision on November 28, 2000, and remanded the case to the ALJ for further proceedings. Meanwhile, on December 18, 2000, plaintiff appealed the denial of benefits to this court. (Doc. # 2).

On April 3, 2001, this court entered an order dismissing plaintiff's district court case for lack

of subject matter jurisdiction . (Doc. # 12). On April 11, 2001, a second administrative hearing was held regarding this matter. An unfavorable decision was entered by ALJ Henry Ginger on May 3, 2001. (Doc. # 15). Plaintiff's request for review by the Appeals Council was denied on July 6, 2001. A request to reopen the case was also denied on March 22, 2003. Subsequently, plaintiff appealed the Commissioner's decision to the United States District Court for the Western District of Louisiana, Lake Charles Division. The Appeals Council thereafter remanded the case to the ALJ for a new hearing. On February 10, 2006, ALJ Robert Mephail entered an order finding plaintiff disabled as of July 26, 1999. (Doc. # 15).

**Applicable Law:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). The relevant portion of that statute reads, "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of, and not in addition to, the amount of claimant's past-due benefits.

In 1980, Congress enacted the Equal Access to Justice Act, providing for fees payable by the United States. These fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Unlike fees under § 406(b), these fees are paid in addition to, and not out of, the amount withheld from claimant's past-due benefits for the payment of attorney's fees.

Recovery of an attorney's fee under both EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See* Equal Access to Justice Act, Extension and Amendment, P.L. No. 99-80, 99 Stat. 183 (1985).

To permit a fee award under the EAJA, assuming, of course, that the

> necessary standard is met, in addition to that allowed by the district court out of claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D. Ohio 1985).

Furthermore, awarding fees under both Acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable Government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984). However, claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

## Discussion:

We note that this court dismissed plaintiff's complaint in April 2001, due to a lack of subject matter jurisdiction. As plaintiff had failed to exhaust his administrative remedies prior to filing suit, said complaint was premature and could not be heard by this court. Further, the case was remanded to the Commissioner by the United States District Court for the Western District of Louisiana, not this court. As such, counsel has filed his motion for attorney fees in the wrong court. Said motion for fees should have been filed in the Western District of Louisiana.

## Conclusion:

Accordingly, plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b), is denied, as it was filed in the wrong jurisdiction.

IT IS SO ORDERED this 20th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE